PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO CELESTINO DOMÍNGUEZ, Defendant and Appellant.

No. 3099. Argued March 8, 1927.—Decided March 24, 1927.

420

*Angel A. Vázquez* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The information in the present case, which is demurred to for lack of sufficient facts to constitute a public offense, reads as follows:

"That in the month of June, 1922, on Luna Street, San Germán, of the municipal judicial district of San Germán, which is a part of the judicial district of Mayagüez, defendant Pedro Celestino Domínguez, with criminal intent, stole from Pedro Enríquez a Waterman fountain pen valued at twelve dollars and sold it to Juana Delgado, thus depriving its owner of the lawful possession thereof and appropriating it to his own use."

The appellant's contention is that the information does not charge specifically that the stolen pen belonged to the complainant and that such an omission is fatal according to the provisions of section 426 of the Penal Code. However, as the information charges that the pen was stolen from Pedro Enríquez by the defendant, "thus depriving its owner of the lawful possession thereof and appropriating it to his own use," it contains impliedly the statutory requisites, because it clearly appears that the defendant stole and appropriated the pen belonging to Enríquez.

The second assignment is that the evidence for the prosecution is not sufficient to support the information.

Enríquez testified that he carried the pen in one of his coat pockets; that he had it with him when he went out after dinner and after he had been with other people, including the defendant, he discovered on returning home that the pen had disappeared.

Juana Delgado testified that she bought the pen from the defendant for $3.50, and María Ignacia Jusino said that the transaction took place in her presence a few months before.

The pen was identified by its owner.

There was no other evidence for the prosecution. In fact the only thing shown was the possession of the pen by the defendant, without any other circumstance connecting him with the stealing of it, for the fact that the defendant and others had been in the company of the owner of the pen when the pen disappeared is not of itself sufficient to bring this case within the rule established in *People* v. *Laureano,* 20 P. R.R. 7. Nothing is shown to contradict the testimony of María Delgado as to how the object came into the possession of the defendant, or to connect him with the offense from the circumstances surrounding the sale of the pen to Juana Delgado.

For the foregoing reasons the judgment appealed from must be reversed and the defendant acquitted.